IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-3969 |
| RICHARD J. GRAHAM, JR.,<br>BRADLEY O. BUTLER, | * | |
| J. SMITH, | * | |
| RONALD SHANE WEBER, | | |
| | * | |
| Defendants | | |

***

# MEMORANDUM

The above-entitled Complaint was filed pursuant to 42 U.S.C. § 1983 on December 12, 2016. Plaintiff seeks leave to proceed in forma pauperis, which shall be granted. For the reasons set forth below, the Complaint must be dismissed.

Plaintiff, who is incarcerated at Western Correctional Institution in Cumberland, Maryland, asserts that he is the subject of a "hit" placed upon him by various prison gangs and that unnamed correctional staff have failed to protect him from violent inmates. ECF 1, p. 4. He alleges a general conspiracy among racist staff and inmates to cause him harm. The only specific information Plaintiff provides is that he was stabbed by fellow inmate Roy Jenkins in October of 2011. *Id*.

Plaintiff is well known to the Court. He has filed numerous complaints alleging a vast conspiracy to cause him harm. The allegations, repeatedly raised by Henson, have been repeatedly reviewed and examined by this Court and found to be without merit based upon declarations submitted by prison staff and investigators within the Division of Correction ("DOC") Internal Investigative Unit  ("IIU") and Administrative Remedy Procedure ("ARP")

offices. Henson's mental health evaluations show him to be suffering from paranoid and delusional behavior.[1]

Plaintiff previously filed suit regarding a 2011 assault as well as allegations concerning Correctional Officers Wilson, Merling, Lark, and Weber assigning him to a cell with Inmate Jenkins, an alleged "professed racist." *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.). Defendants were granted summary judgment in that case.

Plaintiff previously filed suit against CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller, CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray, alleging they assigned him to cells with gang members and advised gang members on the unit that Plaintiff was a rapist. He reiterated his claim regarding the assault by Jenkins and sought protective custody and a federal investigation. *See Henson v. Lambert,* Civil Action No. RWT-12-3271. Defendants were granted summary judgment in that case.

Plaintiff previously filed suit against Lt. Dale Smith, Case Worker Gainer, Caseworker Sindy, Lt. Miller, Sgt. Iser, Sgt. Guilliam, and Sgt. Tyndale, again alleging overall failure to protect, lack of a policy to address risks to Plaintiff's health and safety, and an overarching conspiracy; this suit was likewise dismissed. *See Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.).

Plaintiff previously sued former Warden Frank B. Bishop, Jr., Lt. William E. Miller, Major Robert M. Friend, Lt. Bradley Wilt, Sergeant Walter Iser, CO II Jesse L. Lambert, CO II Christopher Anderson, CO II Nicolas Soltas, and CO II Steven Miller, alleging that he was the

---

[1] *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.), *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.) *Henson v. Lambert,* Civil Action No. RWT-12-3271 (D. Md.), *Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.); *Henson v. Weber*, RWT-14-340 (D. Md.), and *Henson v. Graham*, RDB-14-2058 (D. Md.). In those cases, the Court concluded that Henson's claims had been subject to investigation and found to be without merit and that Henson had otherwise failed to provide any facts in support of his bald-faced conspiracy allegations.

target of a campaign of murder carried out by correctional staff and specifying an assault on June 20, 2014. *See Henson v. Bishop*, Civil Action No. RDB-14-2131 (D. Md.). Defendants were granted summary judgment in that case.

Defendants Lt. Bradley Wilt, Lt. Thomas Sires, Sgt. Walter Iser, Sgt. Brian Iames, Sgt. Janet Puffenbarger, CO II Nicholas Soltas, CO II Cody Gilpin, CO II Steven Miller, CO II Phillip Deist, CO II David Beachy, CO II Dustin Gursky, and CO II Jason Frantz were granted summary judgment regarding Plaintiff's claim that Defendants violated his constitutional rights by subjecting him to excessive force, failing to protect him from harm, and failing to provide medical treatment. He also claimed that Defendants conspired to have him murdered and placed his life in danger by housing him with dangerous inmates. *See Henson v. Soltas*, Civil Action No. RDB-14-3676 (D. Md.).

Summary judgment was granted for Defendants in *Henson v. Puffenbarger*, *et al*., Civil Action No. RDB-15-3022, where Plaintiff accused Defendants Sgt. Janet Puffenbarger, C.O. II Timothy Marchinke, C.O. II Dean Rounds, Jr., and C.O. II Cody Gilpin of verbally threatening him with the use of racial epithets and also of using excessive force against him in August and September of 2015.

Summary judgment was entered for Defendants Wexford Health Sources, Inc., and Lt. Sawyer in regard to Plaintiff's claim that Defendants denied him health care and continued to use force to place him in cells with known violent criminals in order to cause him harm in retaliation for his filing grievances and lawsuits. *Henson v. Wexford, et al*., Civil Action No. RDB-16-53 (D. Md.).

Other complaints raising bald conspiracy claims were dismissed *sua sponte* by the Court. *See Henson v. Wilt, et al.*, Civil Action No. RDB-14-3724 (D. Md.); *Henson v. Friend et al.*,

Civil Action No. RDB-14-3825 (D. Md.), and *Henson v. Miller et al.*, Civil Action No. RDB-15-28 (D. Md.). Plaintiff's claims of a far reaching conspiracy have been investigated and found unsubstantiated, resulting in the dismissal of the claims both administratively and judicially. *See e.g. Henson v. Likin,* Civil Action No. RWT-11-2719 (D. Md.); *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.); *Henson v. Lambert*, Civil Action No. RWT-12-3271 (D. Md.); *Henson v. Smith, et al.,* Civil Action No. RWT-13-2266 (D.Md.); *Henson v. Bishop*, Civil Action No. RDB-14-2131 (D. Md.) (dismissing for failure to exhaust administrative remedies but noting affidavits of all correctional staff that they had not submitted false incident reports, encouraged the submission of falsified medical reports, or instructed anyone to house Plaintiff with violent, dangerous gang members.)

Where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)). Plaintiff's claims regarding the 2011 assault as well as his claims of a vast conspiracy to cause him harm have previously been investigated, found unsubstantiated, fully litigated, and dismissed. He shall not be permitted to proceed as to those claims again, and his Complaint shall therefore be dismissed.

The complaint shall be dismissed under the provisions of 28 U.S.C. § 1915(e).[2] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995). Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order follows.

March 7, 2017                                    /s/
Date                                             James K. Bredar
                                                 United States District Judge

---

[2] In light of the dismissal, Plaintiff's Motion to Appoint Counsel (ECF 4) shall be denied.